FILED
2021 Jul-29 PM 05:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

THE STATE OF WEST VIRGINIA, et al.,

           Plaintiffs,

v.

           CIVIL ACTION NO. 7:21-465-LSC

UNITED STATES DEPARTMENT OF THE
TREASURY, et al.,

           Defendants.

## DECLARATION OF SENATOR GREG ALBRITTON

My name is Greg Albritton. I am the State Senator representing District No. 22 in the Alabama Senate. I am over the age of 19, and the facts I have set out below are based upon my personal knowledge.

1. I am the State Senator representing District No. 22 in the Alabama Senate, which includes parts of Baldwin, Escambia, Monroe, Clarke, Washington, Conecuh, Mobile, and Choctaw Counties. I was elected in 2014 and again in 2018. I currently serve as the Chair of the Finance and Taxation General Fund Committee. I am familiar with the workings of the Alabama Legislature and the Finance and Taxation General Fund Committee.

2. The Alabama Legislature, like legislatures in many States, must authorize a State budget where expenditures shall not exceed estimated revenues and resources—i.e., a balanced budget.

3. When considering legislation, it is important that any legislator consider the fiscal effects of proposed bills.

4. Based on the text of the American Rescue Plan Act and, in particular, the Tax Mandate (42 U.S.C. § 802(c)(2)), it is unclear what sorts of tax bills would constitute a use of federal funds to directly or indirectly offset a reduction in net tax revenue. For example, a State could provide a new tax credit or delay the imposition of a tax to help businesses or individuals respond to the economic effects of the COVID-19 pandemic. It is my understanding that, based on a plausible reading of the Tax Mandate, the United States Department of the Treasury could try to recoup from Alabama whatever amount of money the State did not collect as a result of such a tax credit or delayed collection of a tax. In that scenario, the State would effectively lose the money twice: once from the loss of revenue that followed the cut in taxes, and once from the Treasury Department clawing back federal funds.

5. It is difficult, if not impossible, for a legislature to comply with statutory budgeting requirements without understanding the fiscal effects of the bills it passes. When considering legislation, legislators must consider a bill's prospective effect on the State's future revenue. To effectively craft a balanced budget, a legislature needs to know if a bill would—or would not—result in the Treasury Department clawing back funds from the State and effectively lowering the State's revenue.

6. Moreover, unexpectedly having funds clawed back by the Treasury Department would likely materially affect a legislature's ability to pursue its preferred policy goals.

7. If the Tax Mandate does extend so broadly as to effectively restrict a State's ability to reduce any tax or reduce net tax revenue for the fiscal year, I am significantly constrained in my ability to effectively represent the will of my constituents. My constituents generally oppose tax hikes and generally favor lower taxes and limited government. Some of those

2

constituents may blame me for maintaining current tax rates, which will be difficult to change based on the anti-tax-cut policy mandated by the federal government.

8.  These concerns have already hindered the Alabama Legislature's ability to act and delayed the passage of beneficial legislation. For example, S.B. 379 was a proposed bill that would exempt federal tax credits and restaurant revitalization grants from state taxation and provide filing deadline extensions for certain taxpayers. All twelve members of the Finance and Tax Committee voted for its approval, but the Legislature postponed considering S.B. 379 because of uncertainty surrounding what laws we can pass without prompting a recoupment action by the Department of Treasury. Although we wanted to pass the bill this year, doing so would come with risks to the State if we acted without knowing the bill's fiscal effects. Even if we can pass some version of S.B. 379 later this year (the Governor would have to call a special session), Alabama taxpayers and businesses will not know how much in tax payments to withhold until we do so. Alabama taxpayers will be harmed as a result.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on July 27, 2021.

Greg Albritton
Alabama Senator
Chair, Finance and Taxation General Fund Committee

3